IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CYNTHIA M. SCHROCK,<br><br>              Plaintiff,<br><br>   v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF<br>SOCIAL SECURITY,<br><br>              Defendant. | )<br>)<br>)<br>)<br>)  Civil Action No. 05-403J<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM JUDGMENT ORDER

AND NOW, this 27th day of March, 2007, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's applications for disability insurance benefits and supplemental security income under Titles II and XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 11) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 9) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Importantly, where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by

those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed her pending applications for disability benefits on October 6, 2003, alleging a disability onset date of July 22, 2003, due to lower back pain. Plaintiff's applications were denied initially. At plaintiff's request, an ALJ held a hearing on September 17, 2004, at which plaintiff, represented by counsel, appeared but did not testify. Instead, plaintiff's daughter testified on her mother's behalf. On April 27, 2005, the ALJ issued a decision finding plaintiff not disabled. On September 1, 2005, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 37 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §§404.1563(c) and 416.963(c). Plaintiff has a high school equivalency education and has past relevant work experience as a janitor/maintenance worker and dishwasher, but has not engaged in any substantial gainful activity since her alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the

Act. The ALJ found that although the medical evidence establishes that plaintiff has the severe impairments of degenerative disc disease of the lumbosacral spine, obesity, right plantar fasciitis, depressive/dysthymic disorder, and anxiety disorder, as well as a history of alcohol abuse, those impairments, alone or in combination, do not meet or equal the criteria of any impairment listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that, although plaintiff is unable to perform her past relevant work, she nevertheless retains the residual functional capacity to perform a significant range of sedentary work but with certain restrictions recognizing the limiting effects of both her physical and mental impairments. (R. 24). Taking into account these limiting effects, a vocational expert identified numerous categories of jobs which plaintiff could perform based upon her age, education, work experience and residual functional capacity. Relying on the vocational expert's testimony, the ALJ found that plaintiff is capable of making an adjustment to numerous jobs existing in significant numbers in the national economy, including injection mold press operator, ticket taker, hand packer and seat sealer. Accordingly, the ALJ determined that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A) and

1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A) and 1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability.[1] 20 C.F.R. §§404.1520 and 416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff raises several challenges to the ALJ's residual functional capacity finding at step 5[2] of the sequential

---

[1] The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past-relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functional capacity. 20 C.F.R. §§404.1520 and 416.920. See also Newell, 347 F.3d at 545-46. Additionally, when there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in 20 C.F.R. §§404.1520a and 416.920a. Plummer, 186 F.2d at 432.

[2] At step 5, the ALJ must show that there are other jobs existing in significant numbers in the national economy which the claimant can perform consistent with her medical impairments, age, education, past work experience and residual functional capacity.

evaluation process. Specifically, plaintiff contends that the ALJ: (1) failed to consider the limiting effects of all of plaintiff's impairments, severe and non-severe, in combination in assessing plaintiff's residual functional capacity; (2) improperly rejected limitations on plaintiff's residual functional capacity established by her treating physicians; (3) failed to properly evaluate the issue of alcoholism; and, (4) failed to accord controlling weight to opinions of disability from plaintiff's treating medical sources. Upon review, the court is satisfied that all of the ALJ's findings are supported by substantial evidence.

Plaintiff's first argument is that the ALJ failed to consider the limiting effects of plaintiff's impairments, both severe and non-severe, in combination. This argument is meritless. The ALJ expressly found that plaintiff's impairments, alone or in combination, do not meet or equal any listing. (R. 24). In addition, the ALJ incorporated all medically supported limitations arising from all of plaintiff's mental and physical impairments, severe and not severe, into the residual functional capacity finding, (R. 24), and his hypothetical to the vocational expert included all limitations resulting from all of plaintiff's impairments in combination. (R. 72-73).

Plaintiff nevertheless contends that the ALJ's residual

---

20 C.F.R. §§404.1520(f) and 416.920(f). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his or her impairments. 20 C.F.R. §§404.1545(a) and 416.945(a); Fargnoli, 247 F.3d at 40.

functional capacity finding fails to account for various other ailments with which plaintiff asserts she has been diagnosed. Initially, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). Here, plaintiff has failed to identify any specific work-related limitations arising from plaintiff's diagnosed impairments, severe or not severe[3], which the ALJ failed to take into account in assessing plaintiff's residual functional capacity.

Furthermore, some of the impairments which plaintiff suggests that the ALJ failed to consider were not impairments with which plaintiff herself ever was diagnosed. As the Commissioner aptly notes, the medical records received from Dr. Maldonado inadvertently contained two pages of records belonging to another patient who suffers from a number of impairments that plaintiff now argues the ALJ should have considered in her case. (R. 197-98). Plaintiff never was diagnosed with osteoporosis, spondylosis or osteopenia, and the ALJ obviously did not err in not considering impairments afflicting another patient. Plaintiff's argument in this regard is frivolous.

---

[3] The ALJ found that although plaintiff has a history of bronchitis, that impairment does not have more than a *de minimus* effect on plaintiff's ability to perform substantial gainful activity on a sustained basis, and therefor concluded that plaintiff's bronchitis is a non-severe impairment. (R. 24).

In addition, plaintiff's assertion that the ALJ failed to consider spinal stenosis likewise is without merit. Again, plaintiff never was diagnosed with spinal stenosis. Rather, the record shows that, although Dr. Maldonado's *impression* on initial evaluation was that plaintiff's back pain *may* have been caused by spinal stenosis, he later ruled out spinal stenosis upon his review of subsequent diagnostic tests which established that plaintiff in fact does not suffer from that condition, but instead suffers from lumbago (back pain). (R. 201-02). The ALJ's residual functional capacity finding clearly sets forth limitations accounting for plaintiff's back pain, including, *inter alia*, a sit/stand option and only occasional postural movements. (R. 24).

Finally, plaintiff's contention that the ALJ failed to consider plaintiff's problems with memory is not supported by the record. The ALJ explicitly addressed in his decision plaintiff's complaints of forgetfulness, memory difficulties and confusion but concluded those allegations were not supported by the objective evidence of record, including a report from Dr. Millward indicating plaintiff's memory and intelligence were within normal limits and a report from Dr. Last indicating only a slight restriction in plaintiff's ability to understand, remember and carry out short, simple instructions. (R. 18). In addition, the ALJ's residual functional capacity finding accommodated any difficulties plaintiff may have with her memory by limiting her to simple, routine, repetitive work and simple work-related

decisions. (R. 24). The record demonstrates that the ALJ adequately considered plaintiff's memory difficulties and limitations in assessing plaintiff's residual functional capacity.

Plaintiff next argues that the ALJ improperly evaluated the medical evidence in assessing plaintiff's residual functional capacity. Specifically, plaintiff contends that the ALJ failed to accord appropriate weight to opinions from several of her treating physicians - Dr. Amper, Dr. Millward and Dr. Last - regarding plaintiff's limitations and inability to engage in substantial gainful activity. Upon review the court is satisfied that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

Under the Social Security Regulations and the law of this circuit, opinions of treating physicians are entitled to substantial, and at times even controlling, weight. 20 C.F.R. §§404.1527(d)(2) and 416.927(d)(2); Fargnoli, 247 F.3d at 33. Where a treating physician's opinion on the nature and severity of an impairment is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, it will be given controlling weight. Id. When a treating source's opinion is not entitled to controlling weight, it is evaluated and weighed under the same standards applied to all other medical opinions, taking into account numerous factors including the opinion's supportability, consistency and specialization. 20 C.F.R. §§404.1527(d) and 416.927(d).

- 8 -

Here, the ALJ adhered to the foregoing standards in evaluating the medical evidence. The ALJ exhaustively discussed all of the medical evidence of record in his decision and, based upon his review of the <u>entire</u> record, including all of plaintiff's medical records and plaintiff's own reported daily activities, the ALJ concluded that plaintiff's impairments, while severe, do not meet or equal any listed impairment and do not preclude her from performing <u>any</u> substantial gainful activity. These findings are supported by substantial evidence as outlined by the ALJ in his decision. (R. 16-19; 21-22).

As to the particular medical evidence that plaintiff relies upon now, the ALJ specifically addressed the medical evidence from Dr. Amper, Dr. Millward and Dr. Last, and explained in detail why he accorded it little weight. (R. 21-22). As the ALJ adequately explained in his decision, the opinions of debilitating limitations as rendered by the treating sources are not supported by the record.

As to Dr. Amper, the ALJ appropriately noted that Dr. Amper himself did not complete a medical assessment of plaintiff, rather, the assessment indicating that plaintiff is limited to part-time work was rendered by a physician's assistant, who is not an acceptable medical source under the regulations. 20 C.F.R. §§ 404.1513 and 416.913. (R. 22).

As to the opinions of Dr. Millward and Dr. Last in regard to plaintiff's limitations, the ALJ observed that such opinions are inconsistent with the objective findings of record, including

their own findings, as well as by plaintiff's treatment history, activities of daily living, or by the other medical evidence of record. (R. 22). Accordingly, the ALJ concluded that little weight could be afforded those opinions in light of the totality of the evidence. 20 C.F.R. §§404.1527(d) and 416.927(d); SSR 96-2p. The ALJ set forth in detail the objective findings inconsistent with an opinion that plaintiff has a total inability to work and those findings need not be reiterated here. (R. 22). Suffice it to say the ALJ's evaluation of the medical evidence, including that from Dr. Millward, Dr. Last, and the physician's assistant associated with Dr. Amper, is supported by substantial evidence as outlined in the ALJ's decision.

Plaintiff's next argument, by which she takes issue with the fact that the ALJ included "past history of alcohol abuse" in his listing of plaintiff's severe impairments (R. 24), is difficult to follow. Plaintiff appears to argue on one hand that the ALJ erroneously found that "past history of alcohol abuse" is a severe impairment, because plaintiff testified that she had not used alcohol for a year and a half prior to the hearing, but then argues that the ALJ failed to consider alcohol abuse as a contributing factor in the disability determination.

Plaintiff's argument is factually incorrect and illogically reasoned. First, the ALJ did *not* find alcohol abuse to be a severe impairment, he merely acknowledged that plaintiff has a past history of alcohol abuse. In fact, the ALJ expressly found in his decision that "claimant's past history of alcohol abuse

*does not currently* impact on her ability to perform basic work-related activities." (R. 19) (emphasis added). The ALJ simply noted, in the same finding with plaintiff's severe impairments, that plaintiff had a past history of alcohol abuse. If this was error, which the court does not find, such an error nevertheless clearly would be harmless, as plaintiff fails to explain how this finding possibly could have affected the ALJ's finding of not disabled. To the contrary, plaintiff actually seems to be arguing that the ALJ erred in finding past history of alcohol abuse to be a severe impairment and supports that argument by asserting that said impairment has no current effect on plaintiff's ability to work. In essence, plaintiff is arguing that she is not disabled by a past history of alcohol abuse. This is precisely what the ALJ found, the court agrees and plaintiff's argument is specious.

Plaintiff's diametrically opposed alternative argument, that the ALJ should have analyzed alcoholism as a contributing factor in the disability determination, misinterprets the law in this area, as the regulations concerning whether a claimant's alcohol use is a contributing factor material to the determination of disability do not apply in this case. Those regulations come into play only when a claimant is found disabled *and* there is evidence of alcoholism or drug addiction. 20 C.F.R. §§ 404.1535 and 416.935. Here, the ALJ applied the five-step sequential evaluation process and found plaintiff *not* disabled, either by past alcohol abuse or any other impairment, and, therefore, there was no basis for the ALJ to proceed to an analysis of whether

plaintiff's past history of alcohol use was a contributing factor material to the determination of disability. Plaintiff's argument that the ALJ erred in not considering alcoholism as a contributing factor plainly is without merit.

Finally, plaintiff's fourth argument, that the ALJ failed to accept the opinion evidence from Dr. Millward and Dr. Amper that plaintiff is disabled, essentially is a reprise of his second argument. As already noted, the ALJ adhered to the appropriate standards in evaluating the medical evidence and adequately explained his rationale for the weight it was accorded. (R. 21-22). Moreover, the determination of disability is reserved solely to the Commissioner and the opinion of a physician, treating or otherwise, never is entitled to special significance on that ultimate determination. 20 C.F.R. §§416.927(e) and 416.946; SSR 96-5p. The court sees no error in the ALJ's evaluation of the medical evidence in this case.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

*Gustave Diamond*
Gustave Diamond
United States District Judge

cc:  John D. Gibson, Esq.
     131 Market Street
     Suite 200
     Johnstown, PA 15901

     John J. Valkovci, Jr.
     Assistant U.S. Attorney
     319 Washington Street
     Room 224, Penn Traffic Building
     Johnstown, PA 15901